IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

BRUCE HAKE, *et al.*,                             *

      Plaintiffs,                        *

        v.                              *            CIVIL NO.: WDQ-13-1312

CARROLL COUNTY, MARYLAND,                *
*et al.*,

      Defendants.                       *

*    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Bruce A. Hake and others (collectively "the Plaintiffs")[1] sued Carroll County, Maryland, (the "County") by its Board of Commissioners (the "Board), (collectively "the Defendants")[2], for violating the Establishment Clause of the First Amendment. Pending are the Plaintiffs' motion for contempt and the Defendants' cross motion for clarification of the preliminary injunction.  For the reasons stated below, the Plaintiffs'

---

[1] The American Humanist Association, Lauren Graybill, Bruce A. Hake, Cornelius M. Ridgely, and Judy Smith are the plaintiffs in this case.  ECF No. 12 at 1.

[2] The Defendants also include the members of the Board in their official capacities:  Commissioner Doug Howard, Commissioner Robin B. Frazier, Commissioner Richard S. Rothschild, Commissioner David H. Roush, and Commissioner Haven N. Shoemaker, Jr.  ECF No. 12 at 1, 3 ¶ 10.

motion will be denied, and the Defendants' cross motion will be denied as moot.

I.   Background

On May 1, 2013, the Plaintiffs sued Carroll County, Maryland for violating the Establishment Clause of the First Amendment by delivering at the beginning of each Board meeting prayers that frequently contain sectarian references. *See* ECF No. 1. On May 1, 2013, the Plaintiffs moved for a preliminary injunction. ECF No. 2. On January 10, 2014, the Court held a hearing. ECF No. 29. On March 26, 2014, the Court, relying upon *Wynne v. Town of Great Falls, South Carolina*, 376 F.3d 292 (4th Cir. 2004), *Simpson v. Chesterfield County Board of Supervisors*, 404 F.3d 276 (4th Cir. 2005), and *Joyner v. Forsyth County, North Carolina*, 653 F.3d 341 (4th Cir. 2011), granted the Plaintiffs' motion for a preliminary injunction and enjoined the County from opening its Board meetings with sectarian prayers. *See* ECF No. 35.

On March 27, 2014, a Commissioner recited a prayer containing sectarian references during the opening of a Board meeting. *See* ECF No. 36-2 at 2-3; ECF No. 39 at 8. At a Board meeting on April 1, 2014, a citizen recited a prayer containing sectarian references. *See* ECF No. 36-2 at 4; ECF No. 39 at 8.

On April 1, 2014, the Plaintiffs moved for contempt, or alternatively, for an order to show cause for contempt based on

the two alleged violations of the preliminary injunction. *See* ECF No. 36 at 7. On April 18, 2014, the Defendants opposed the motion. ECF No. 39. On May 1, 2014, the Plaintiffs replied. ECF No. 40. On May 5, 2014, in consideration of the Supreme Court's opinion in *Town of Greece, New York v. Galloway*, No. 12-696, 2014 WL 1757828 (U.S. May 5, 2014), the Court vacated the preliminary injunction. ECF No. 41.

    II.  Analysis

    The Court may impose sanctions for civil contempt "to coerce obedience to a court order or to compensate the complainant for losses sustained as a result" of non-compliance with the court order. *See In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995) (internal citations and quotation marks omitted). To establish civil contempt, a movant must show by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (internal citations and quotation marks omitted). The purpose of civil contempt sanctions is remedial. *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 822 (4th Cir. 2004);

3

*Buffington v. Baltimore Cnty., Md.*, 913 F.2d 113, 133 (4th Cir. 1990).

Here, the Plaintiffs move for civil contempt sanctions against the Defendants for violating the Court's preliminary injunction. *See* ECF No. 36-2 at 11-12. However, because the underlying preliminary injunction has been vacated, it cannot serve as the basis for holding the Defendants in civil contempt.[3] The remedial nature of civil contempt sanctions prevents a finding of contempt when the underlying order has been vacated.[4] Accordingly, there can be no finding of civil contempt.[5]

---

[3] *See Ashcraft*, 218 F.3d at 302-03 (reversing a district court's findings of civil contempt when the underlying sealing order was not valid); *Wagner v. Bd. of Educ. of Montgomery Cnty., Md.*, 340 F. Supp. 2d 603, 620-21 (D. Md. 2004) (holding the plaintiffs were not entitled to civil contempt sanctions when the underlying orders had been vacated); *McLean v. Central States, Se. & Sw. Areas Pension Fund*, 762, F.2d 1204, 1210 (4th Cir. 1985) (reversing civil contempt order when underlying order was reversed).

[4] *See Wagner*, 340 F. Supp. 2d at 620-21 ("If Plaintiffs were not entitled to the relief outlined in the orders this court entered, . . . they cannot be entitled to remedial measures to force compliance or to compensate them for violations.")

[5] Unlike civil contempt sanctions, criminal contempt sanctions are not dependent on the underlying order of the Court. *See McLean*, 762 F.2d at 1210. The Court has the authority to initiate a prosecution for criminal contempt by referring the matter to the United States Attorney for the District of Maryland. *See Buffington*, 913 F.3d at 132-133; *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 801 (1987). Criminal contempt proceedings are "initiated at the sole discretion of the court." *Brandt v. Gooding*, 636 F.3d 124, 135 (4th Cir. 2011). To the extent that the Plaintiffs request that the Court

The Defendants also moved for clarification of the scope of the preliminary injunction.  *See* ECF No. 39 at 38-39.  Because the preliminary injunction has been vacated, the Defendants' request for clarification of the injunction is moot.

III. Conclusion

For the reasons stated above, the Plaintiffs' motion will be denied, and the Defendants' cross motion will be denied as moot.

_____5/15/14_____
Date

_____
William D. Quarles, Jr.
United States District Judge

_____

impose criminal contempt sanctions, the Court will not exercise its discretion to initiate criminal contempt proceedings.