IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRUCE HAKE *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No.  WDQ-13-1312 |
| CARROLL COUNTY, MARYLAND, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiffs American Humanist Association ("AHA"), Lauren Graybill, Bruce A. Hake, Cornelius M. Ridgely, and Judy Smith (collectively, "Plaintiffs") have filed suit against Carroll County, Maryland (the "County") by its Board of Commissioners (the "Board") (collectively, "Defendants"), alleging that the County's practice of opening public meetings with sectarian prayers violates the Establishment Cause of the First Amendment to the United States Constitution.  Am. Compl. ¶¶ 1–2.  Pending before the Court is Plaintiffs' Motion to Compel Production of Documents.  [ECF No. 55].  This case has been referred to me by Judge Quarles to resolve discovery disputes and related scheduling matters.  [ECF No. 56].  I have considered Plaintiffs' motion.  Defendants filed a response in opposition on July 29, 2014, and Plaintiffs filed a reply on August 3, 2014.  [ECF Nos. 57, 59].  No hearing is deemed necessary.  Loc. R. 105.6 (D. Md. 2014).  For the reasons stated herein, Plaintiffs' motion will be GRANTED in part and DENIED in part.

### I.    PROCEDURAL ISSUE

On May 16, 2014, Plaintiffs served Defendants with a Request for Production of Documents.  Pls.' Mot. 1.  Plaintiffs seek an array of documents relating to the delivery of prayers at Board meetings.  *See* Pls.' Mot. Ex. 1, ECF No. 55-2.  On June 16, 2014, Defendants

served their answers, in which they provided various grounds for objecting to all of Plaintiffs' requests. *Id.* On June 23, 2014, Plaintiffs served the Defendants with their Motion to Compel. Pls.' Mot. 1. Pursuant to Rule 104.8.a of this Court's Local Rules, Defendants were required to serve a memorandum in opposition to Plaintiffs' motion within fourteen days of receiving the motion to compel. *See* Loc. R. 104.8.a. (D. Md. 2014). Defendants did not file their opposition before the deadline. On July 16, 2014, Plaintiffs' counsel and Defendants' counsel conferred in an attempt to resolve the discovery dispute, but were unable to reach an agreement. Pls.' Mot. 2. Plaintiffs filed the instant motion on July 16, 2014. [ECF No. 55].

A threshold issue before the Court is whether to accept Defendants' response in opposition to Plaintiffs' motion, which Defendants filed on July 29, 2014, well beyond the fourteen-day time period set forth in Local Rule 104.8.a. Defendants argue that Plaintiffs did not comply with Local Rule 104.7, and that, therefore, they have not violated Local Rule 104.8.a. Defs.' Resp. 7. Local Rule 104.7 requires counsel to confer with one another concerning a discovery dispute, and to make "sincere attempts to resolve the differences between them." Loc. R. 104.7 (D. Md. 2014). The rule cautions that the Court will not consider any discovery motion without an accompanying certificate that demonstrates that the parties have held a discovery conference, or have attempted to hold such a conference. *Id.* Plaintiffs submitted the certificate in accordance with the Rule. *See* Pls.' Mot. 1–2. However, Defendants posit that Plaintiffs' counsel did not make a sincere effort to resolve the present discovery dispute before filing the motion to compel with the Court. Defendants direct the Court to several email exchanges between Plaintiffs' counsel and Defendants' counsel to demonstrate that Defendants' failure to respond timely to the motion to compel arose from a misunderstanding between the parties. Defs.' Resp. 9. On June 25, 2014, after Defendants received Plaintiffs' motion to compel, the parties attempted to confer, but Plaintiffs' counsel indicated that she was preparing for vacation.

2

The next communication between counsel for the parties did not occur until July 15, 2014, when counsel exchanged emails to arrange a time to discuss the dispute. Pls.' Mot. 2; Defs.' Resp. 9–10. Defendants assert that they "thought they were graciously accommodating Plaintiffs' counsel's personal vacation time by postponing the next steps in the process until Plaintiffs' counsel returned." Defs.' Resp. 9.

Significantly, Local Rule 104.8.a provides the parties with the authority to grant one another extensions of time, without prior approval of the Court. *See* Loc. R. 104.8.a. (D. Md. 2014). Here, nearly three weeks elapsed before Defendants initiated contact with Plaintiffs' counsel via email. Defendants could have asked Plaintiffs for an extension of time to respond, in exchange for accommodating counsel's vacation. Defendants repeatedly state in their filings that the Court must act quickly to resolve the present motion, and the pending cross-motions for summary judgment, yet that same urgency is not reflected in the filing of an opposition to Plaintiffs' motion to compel more than one month after Defendants were first served.

Furthermore, it appears that Defendants misunderstood the Local Rules. Rule 104.7 is not "a condition precedent that must be satisfied before Plaintiffs could serve a Motion to Compel under 104.8." Defs.' Resp. 8. Rule 104.8.b states that "[c]ounsel are encouraged to confer with one another before or immediately *after* a motion to compel is served. If they are unable to resolve their disputes, counsel must hold the conference required by L.R. 104.7 *after serving upon one another all of the documents relating to the motion to compel*." Loc. R. 104.8.b. (D. Md. 2014) (emphasis added). While Plaintiffs' counsel provided Defendants with the option of conferring about the dispute before Defendants filed their responsive papers, Rule 104.8.b expressly directs the parties to confer after the motion has been fully briefed. Although the above analysis would justify disallowing Defendants' opposition to the motion to compel, as Plaintiffs urge, this Court has reviewed and considered both Defendants' opposition and

3

Plaintiffs' reply for the purposes of the substantive analysis below. Even considering Defendants' position, a ruling in Plaintiffs' favor is warranted.

## II. ANALYSIS

### A. Requests for Production of Documents

All document requests must seek information within the scope of permissible discovery. Fed. R. Civ. P. 34(a). The Federal Rules of Civil Procedure permit parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). For good cause, "the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* The relevant information sought "need not be admissible at…trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Additionally, the Federal Rules require that "all permissible discovery must be measured against the yardstick of proportionality." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010). This court must limit discovery if

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Plaintiffs urge this Court to find that Defendants' boilerplate objections constitute a waiver of those objections. Pls.' Mot. 2–6. Generalized objections to discovery requests may constitute a waiver of the objection. *See Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 357–58 (D. Md. 2008); *Anderson v. Reliance Standard Life Ins. Co.*, WDQ-11-1188, 2011 WL 4828891, at *2 (D. Md. Oct. 11, 2011). Defendants have provided only general grounds for objecting to each document request. While many of those objections, standing alone, may be

viewed as boilerplate, taken together, I do not find that the responses are so deficient that they reflect that Defendants failed to make a reasonable inquiry before answering. Given the "broad discretion" trial courts are afforded in resolving discovery matters, *see Whittaker v. Morgan State Univ.*, JKB-09-3135, 2011 WL 6211792, at *1 (D. Md. Dec. 13, 2011), I decline to find that Defendants have completely waived any legitimate objections that they may have to Plaintiffs' discovery requests. However, for the reasons set forth below, I find that many of Plaintiffs' requests are within the scope of permissible discovery and, I will order Defendants to produce the majority of the requested documents.

Defendants largely objected to Plaintiffs' requests for documents on five grounds: (1) that Defendants were legislatively immune from the requests; (2) that the requests were overbroad and unduly burdensome; (3) that the requests were irrelevant under 42 U.S.C. § 1983 and *Monell*; (4) that the documents requested were protected by the attorney-client privilege or work product doctrine; and (5) that Plaintiffs conceded that they did not need the discovery responses. *See* Pls.' Mot. 21–33. Given the number of document requests, I will analyze Defendants' responses categorically, by their stated objections.

1. **Legislative Immunity Objections**

In all of Defendants' responses, with the exception of their responses to document requests # 14, # 21, and # 24, Defendants asserted that the requests were barred by legislative immunity. *See* Pls.' Mot. Ex. 2, ECF No. 55-2. In Defendants' opposition to Plaintiffs' motion, they discuss the applicability of legislative immunity to this case. They argue that suits arising under § 1983 do not reach alleged constitutional violations where, as here, legislative immunity attaches. Defs.' Resp. 16. While I agree with Defendants that local legislators are entitled to absolute immunity from liability under § 1983 for their legislative activities, *see Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998), I do not agree that the immunity attaches in this case.

In *Bogan*, the Supreme Court held that under common law, local legislators are accorded the same absolute immunity provided to federal, state, and regional legislators. 523 U.S. at 971; *see, e.g.*, *Kilbourn v. Thompson*, 103 U.S. 168, 202–04 (1880) (federal legislators); *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951) (state legislators); *Lake County Estates v. Tahoe Reg'l Planning Agency*, 440 U.S. 391, 405 (1979) (regional legislators). This immunity "recognize[s] the right of legislators to be free from arrest or civil process for what they do or say in legislative proceedings." *E.E.O.C. v. Wash. Suburban Sanitary Comm'n*, 631 F.3d 174, 180 (4th Cir. 2011). While legislative immunity extends to local legislators acting in their individual capacities, "the Supreme Court has left no doubt that municipalities and local governments are not entitled to immunity from suits brought under section 1983." *See Berkley v. Common Council*, 63 F.3d 295, 296 (4th Cir. 1995) (en banc); *see also Burtnick v. McLean*, 76 F.3d 611, 612 (4th Cir. 1996) (applying *Berkley* in ADEA and § 1983 suit against city and city comptroller, and declaring the comptroller, in her individual capacity, immune from suit under the legislative immunity doctrine, but city was not entitled to immunity). *Cf. Doe v. Pittsylvania Cnty., Va.*, 842 F. Supp. 2d 906, 916 (W.D. Va. 2012) (finding that legislative immunity applied only to members of the board of supervisors who were sued in their individual capacities, and did not shield the county and the board as entities).

Defendants urge the Court to find that legislative immunity attaches to Defendants by operation of a two-part analysis, derived from *Gravel v. United States*, 408 U.S. 606 (1972). Defs.' Resp. 29–36. Defendants assert that the first step "is to ask whether the words in question are 'speech or debate in either House.'" *Id.* at 29. If so, the words are categorically immune from suit and the inquiry ends. *Id.* If the speech was not uttered in the legislative chamber, step two requires the court to perform a "functional test" whereby the speech in question must be deemed an "'integral part' of the legislative process" for the immunity to attach. *Id.* at 30. Defendants

contend that "'the identity of the actor' is irrelevant" for step two, but step one controls "if (1) the actor is an elected legislator, and (2) the object of the legal challenge is words he spoke from the floor of the legislative chamber during an official session." *Id.* at 31. Defendants apply that analysis here by stating that the prayers are only offered by legislators from the chamber during official sessions. Hence, legislative immunity undoubtedly attaches. *Id.* at 32.

This Court need not engage in Defendants' proposed two-part analysis because the Fourth Circuit has declared, quite plainly, that "a municipality does not enjoy immunity with respect to the acts of its legislative body." *Berkley*, 63 F.3d at 300. The Plaintiffs have filed suit against Carroll County, Maryland, by its Board of County Commissioners, and each of the Commissioners is sued only in his or her official capacity. Am. Comp. ¶ 10. Judge Quarles previously rejected Defendants' argument that the suit against them should be dismissed for Plaintiffs' failure to join the County Commissioners in their individual capacities. *See* ECF No. 34. Judge Quarles reasoned that the legislative prayers at issue are properly classified as government speech, not as speech given in a personal capacity, and thus, the County Commissioners, in their individual capacities, were not necessary parties. *Id.* at 7–11. Given that the Commissioners have not been named as individual defendants, and are not a party to this suit in their individual capacities, Defendants' objections to discovery on legislative immunity grounds are without merit.[1]

### 2. Overbroad and Unduly Burdensome Objections

In response to every request for production of documents, Defendants contended that the request was "overbroad, and unduly burdensome." *See* Pls.' Mot. Ex. 1, ECF No. 55-2.

---

[1] Plaintiffs argue that the separate but related legislative privilege does not apply in this case. Defendants never asserted the privilege in their responses to Plaintiffs' document requests, and Defendants argue to the Court that their "immunity objections are properly understood within the ambit of legislative immunity, rather than legislative privilege." Defs.' Resp. 42. Accordingly, the Court need not address the merits of any legislative privilege argument at this time.

Defendants provided no further explanation. It is well established that, "[a]ll objections to document production requests must be stated with particularity and specificity; objections may not be 'boilerplate.'" *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 360 (D. Md. 2012) (quoting *Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005)). *See also* Fed. R. Civ. P. 34(b)(2)(b); Loc. R. 104.6 (D. Md. 2014). "The party claiming that a discovery request is unduly burdensome must allege specific facts that indicate the nature and extent of the burden, usually by affidavit or other reliable evidence." *Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495, 498 (D. Md. 2000). The Defendants have failed to particularize their objections, and their responses are "plainly deficient." *Webb v. Green Tree Servicing LLC*, ELH-11-2105, 2012 WL 3139551, at *2 (D. Md. July 27, 2012). A blanket assertion of overbreadth and undue burden, without more, does not justify withholding the documents sought.

I do note, however, that Requests # 2 – # 5 are unnecessarily duplicative.[2] All of the requests seek identical information, but from different time periods, ranging from 2009 through the present. Accordingly, they are consolidated to one request seeking "emails between the Carroll County Commissioners, including emails from one Commissioner to another, relating to,

---

[2] The requests provide:
>Request No. 2 – All emails between the Carroll County Commissioners, including emails from one Commissioner to another, relating to, mentioning, or concerning prayer or prayers, or "Jesus Christ" or "Jesus" or "Christ" or "Savior," from 2009 until 2011.
>
>Request No. 3 – All emails between the Carroll County Commissioners, including emails from one Commissioner to another, relating to, mentioning, or concerning prayer or prayers, or "Jesus Christ" or "Jesus" or "Christ" or "Savior," from 2011 until 2012.
>
>Request No. 4 - All emails between the Carroll County Commissioners, including emails from one Commissioner to another, relating to, mentioning, or concerning prayer or prayers, or "Jesus Christ" or "Jesus" or "Christ" or "Savior," from 2011 until 2013.
>
>Request No. 5 - All emails between the Carroll County Commissioners, including emails from one Commissioner to another, relating to, mentioning, or concerning prayer or prayers, or "Jesus Christ" or "Jesus" or "Christ" or "Savior," from 2013 until present.

Pls.' Mot., Ex. 1 at 1–3.

mentioning, or concerning prayer or prayers, or 'Jesus Christ' or 'Jesus' or 'Christ' or 'Savior,' from 2009 until the present."

### 3. Relevancy Objections

Defendants' responses to Requests # 6 – # 17, # 20, # 23, and # 25 provided as one of several grounds for objection that the request, "is not relevant to establishing any material fact justiciable under 42 U.S.C. § 1983 under *Monell*." Pls.' Mot. Ex. 1, ECF No. 55-2. Defendants also asserted separate relevancy objections in their responses to Requests # 19, # 21, and # 24. Relevance for discovery purposes is viewed liberally. *See United Oil Co., Inc. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 409 (D. Md. 2005). "[D]iscovery is not limited to issues raised by the pleadings or even the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Nat'l Credit Union Admin. v. First Union Capital Mkts. Corp.*, 189 F.R.D. 158, 161 (D. Md. 1999). The burden rests with the Defendants to establish that the information is not relevant, or that the discovery request should be denied. *See Brey Corp. v. LQ Mgmt., L.L.C.*, AW-11-cv-00718, 2012 WL 3127023, at *4 (D. Md. July 26, 2012) ("[T]he party resisting discovery bears the burden of showing why the discovery requests should not be granted.") (internal quotation marks and alterations omitted); *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 199 (N.D.W. Va. 2000) ("In addition, the party asserting that the information requested is not relevant, and, therefore, not discoverable, bears the burden of establishing that the information is not relevant.").

Defendants provided no support for their relevancy objections in their responses to Plaintiffs' request for documents. Defendants argue to the Court that, given that the present suit names the Commissioners in their official capacities only, requests for discovery not attributable to Carroll County as a municipality should be denied. Defs.' Resp. 24. Defendants further argue that the requests are "self-evidently irrelevant." Defs.' Resp. 48. Specifically, Defendants

9

contend that "[e]mails and Facebook messages concerning prayer are irrelevant to the constitutionality of the County's practice. Documents regarding sectarian prayers is [sic] irrelevant since sectarian content is irrelevant to constitutionality under *Town of Greece*." *Id.* (cross-reference omitted).   Given discovery's broad scope, I disagree.

The bulk of Plaintiffs' requests seek information that is relevant to establishing their § 1983 claim that Defendants violated the Establishment Clause of the First Amendment through the practice of delivering sectarian prayers as part of its Board meetings.  However, I find that some of the requests are duplicative, vague, or seek extraneous information.  The document requests to which Defendants responded were irrelevant are as follows:

> Request No. 6 – All emails or letters sent by members of the public to the Carroll County Commissioners, including emails to any one Commissioner, relating to, mentioning, or concerning prayer or prayers, or "Jesus Christ" or "Jesus" or "Christ" or "Savior," from 2010 until present.
>
> Request No. 7 – All emails or letters sent by a Carroll County Commissioner, relating to, mentioning, or concerning prayer or prayers, or "Jesus Christ" or "Jesus" or "Christ" or "Savior," from 2010 until 2012.
>
> Request No. 8 – All emails or letters sent by a Carroll County Commissioner, relating to, mentioning, or concerning prayer or prayers, or "Jesus Christ" or "Jesus" or "Christ" or "Savior," from 2012 until present.
>
> Request No. 9 – All emails or letters sent by or received by, Commissioner Frazier, relating to, mentioning, or concerning prayer or prayers, or "Jesus Christ" or "Jesus" or "Christ" or "Savior," from 2010 until present.
>
> Request No. 10 – All emails or letters sent by, or received by, Commissioner Rothschild, relating to, mentioning, or concerning prayer or prayers, or "Jesus Christ" or "Jesus" or "Christ" or "Savior," from 2010 until present.
>
> Request No. 11 – All emails and other written communications between Commissioner Frazier and Michelle Jefferson from 2013 until present.
>
> Request No. 12 - All emails and other written communications between Commissioner Rothschild and Bruce Holstein from 2013 until present.
>
> Request No. 13 – All emails and other written communications sent by or received by a Carroll County Commissioner or Commissioners, relating to,

mentioning, or concerning any of the Plaintiffs in this lawsuit, from 2012 until present.

Request No. 14 – All Documents and ESI in the Defendants' possession, custody or control, relating in any way to the American Humanist Association or "AHA," excluding documents that have already been filed with the court in this above-captioned lawsuit.

Request No. 15 – All Documents and ESI relating to, mentioning, concerning, or regarding, the prayer delivered by Commissioner Frazier on March 27, 2014.

Request No. 16 – All emails, Facebook messages and other written communications sent to Carroll County or any Commissioner or Commissiners [sic] relating to or concerning the prayer delivered by Commissioner Frazier on March 27, 2014.

Request No. 17 – All emails, Facebook messages and other written communications sent to Carroll County or any Commissioner or Commissiners [sic] relating to or concerning prayer delivered at Board Meetings.
…
Request No. 20 – Documents and ESI relating in any way to prayers by Commissioner Frasier in Carroll County government buildings.
…
Request No. 23 – All documents and ESI in the Defendants' possession, custody or control, relating in any way to the letters or emails sent to the Defendants from the American Humanist Association or "AHA" or AHA's attorneys.
…
Request No. 25 – All Documents and ESI relating in any way to support, whether formal or informal, regarding prayer at Board Meetings.

Pls.' Mot. Ex. 1, 3–13.

Requests # 6 – # 10 seek written correspondence circulated to and between the Commissioners regarding sectarian prayers. These requests are framed to elicit information "germane to the subject matter[,]" *see Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973 (4th Cir. 1977), namely they seek to discover the extent to which the County affiliated itself with "one specific faith or belief in preference to others." *Wynne v. Town of Great Falls South Carolina*, 376 F.3d 292, 298 (4th Cir. 2004). Evidence responsive to these requests is clearly relevant to Plaintiffs' claim.

11

With respect to Requests # 11 and # 12, Plaintiffs contend elsewhere in their filings that both Michelle Jefferson and Bruce Holstein delivered sectarian comments at separate Board meetings. Pls.' Summ. J. Mot. Statement of Undisputed Facts. Plaintiffs also assert that Ms. Jefferson introduced Commissioner Frazier at a campaign speech organized by a group that she leads, and that Bruce Holstein served as Commissioner Rothschild's campaign treasurer. *Id.* Plaintiffs argue that the requests are tailored to discover evidence from which they can infer an improper religious objective from the Commissioners' public comments, and they also intend to use the evidence for impeachment purposes. However, Requests # 11 and # 12 are so broadly worded that they could include emails and written communications that have nothing to do with the present litigation. Plaintiffs cannot establish an Establishment Clause violation by the Commissioners' mere affiliation with members of the public who hold sectarian beliefs. Accordingly, I find it appropriate to narrow both requests to comport with the language of the other requests. The requests are therefore limited to emails and written communications between Commissioner Frazier and Michelle Jefferson, and between Commissioner Rothschild and Bruce Holstein, "relating to, mentioning, or concerning prayer or prayers, or 'Jesus Christ' or 'Jesus' or 'Christ' or 'Savior,' from 2013 until present."

Requests # 13 and # 14 are also relevant to the present action. However, the requests could encompass documents that are protected by the attorney-client privilege or work-product doctrine. As discussed *infra*, while Defendants have not provided Plaintiffs with a privilege log identifying documents withheld on the basis of attorney-client privilege, or work product doctrine, the Defendants are required to do so if they wish to continue withholding documents on these grounds.

Request # 25 is vague and unclear. As currently written, the request is so broad that it could encompass most of Plaintiffs' previous requests. Plaintiffs should specify the category of

information that they seek. I find no merit to any of Defendants' relevancy objections to Requests # 15 – #17, # 20, or # 23. All of those requests are properly tailored to discover evidence germane to Plaintiffs' claim.

With respect to Defendants' responses to Requests # 19, # 21, and # 24, I find merit only to Defendants' objection to Request # 19. Request # 19 seeks "[d]ocuments and ESI relating in any way to the delivery of prayers in Carroll County government buildings." Pls.' Mot. 30. Defendants responded that, "[i]nsofar as any such documents would pertain to prayers other than legislative prayers, they are not relevant to establishing any material fact in this lawsuit." *Id.* Plaintiffs argue that the request seeks information that the Defendants "are using their position as Commissioners to exalt their personal religious views in government affairs." Pls.' Reply 22. However, the request is worded broadly, and is not limited to Commissioners alone. Therefore, I find it appropriate to narrow Request # 19 to "documents and ESI relating in any way to the delivery of prayers *by any of the Carroll County Commissioners* in Carroll County government buildings." This alteration subsumes documents sought in Request # 20, and thus supplants that Request.

Request # 21 seeks "[a]ll Documents and ESI containing the text or transcript of any prayer delivered at any Carroll County Board Meeting." Pls.' Mot. 31. Defendants stated that they previously provided a prayer list to the Court, and that searching for and producing many years' worth of prayers would be burdensome. *Id.* Thus, they concluded, the request could not be relevant to establishing any material fact and was therefore beyond the scope of discovery. *Id.* The occurrences of prayers at Board meetings, and the text of such prayers, are relevant to Plaintiffs' claim. Plaintiffs may establish through discovery how long the practice of prayer at Board meetings has persisted. More important, Plaintiffs may establish "a pattern of prayers that over time denigrate, proselytize, or betray an impermissible government purpose." *Town of*

*Greece, N.Y. v. Galloway*, 134 S. Ct. 1811, 1824 (2014).  To the extent that the requested discovery will be burdensome to Defendants, Defendants have not asserted specific facts, through affidavit or otherwise, to demonstrate the nature or extent of the burden.  *See Romanyk Consulting Corp. v. EBA Ernest Bland Assocs., P.C.*, AW-12-2907, 2013 WL 3280030, at *5 (D. Md. June 26, 2013) (finding that Plaintiff failed to point to concrete evidence that responding to interrogatory was unduly burdensome).  It does not matter for discovery purposes that Plaintiffs have access to videos of past Board meetings in which prayers were delivered, or that Defendants have already provided their list of prayer texts to the Court.  *See Clean Earth of Maryland, Inc. v. Total Safety, Inc.*, 2:10-cv-119, 2011 WL 4832381 (N.D.W. Va. Oct. 12, 2011) (stating that the fact that information sought is already known to the interrogator is not a valid ground for objection, nor is the fact that the information sought is equally available to the interrogator).

Request # 24 seeks "[a]ll Documents and ESI relating in any way to any complaints, whether formal or informal, regarding prayer at Board Meetings."  Pls.' Mot. Ex. 1, ECF No. 55-2.  Defendants responded that "[p]laintiffs generally lack standing to assert the interests of third parties not before the Court….[t]he issue in this litigation is whether Carroll County's prayer custom violates Plaintiffs' rights under the Establishment Clause.  This request is therefore not relevant to establishing any material fact in this litigation, and so is beyond the proper scope of discovery."  *Id.*  A mere request to discover documents relating to complaints made by parties not before the Court does not amount to an assertion of those parties' rights.  Moreover, Plaintiffs' request is relevant because it seeks to establish the degree of complaints that Defendants' received, and whether Defendants responded to any complaints.

Accordingly, I reject all of Defendants' objections pertaining to relevancy, with the exception of Request # 25.  Where the Court has narrowed or otherwise consolidated Plaintiffs'

documents requests, Defendants should produce documents responsive to the requests as revised by the Court.

### 4. Attorney-Client Privilege and Work Product Protection Objections

Defendants objected to Requests # 13, # 14, # 15, # 18, # 19, # 20, # 22, and # 23 on the ground that the information sought covered communications protected by the attorney-client privilege or work-product doctrine.  *See* Pls.' Mot. Ex. 1, ECF No. 55-2.  As a general matter, privileged information is not discoverable.  *See* Fed. R. Civ. P. 26(b)(1).  A party may withhold otherwise discoverable information by claiming privilege or work product protection.  However, Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure provides that the withholding party must: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A).  "This description generally takes the form of a privilege log."  *Mezu v. Morgan State Univ.*, 269 F.R.D. 567, 577 (D. Md. 2010); *see also Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 264 (D. Md. 2008) (stating that the most common way to comply with Rule 26(b)(5)(A)(ii) is to use a privilege log, "which identifies each document withheld, information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter."); Local Rule App'x A, Guideline 10 (D. Md. 2014).  "A party simply cannot claim privilege and refuse to provide a privilege log; indeed, some courts have found that doing so results in waiver of the privilege."  *Anderson v. Caldwell Cnty. Sheriff's Office*, 1:09cv423, 2011 WL 2414140, at *2 (W.D.N.C. June 10, 2011) (internal quotation marks and citation omitted).

Defendants have not described the nature of the withheld documents or communications, as required by the Local Rules and Federal Rule of Civil Procedure 26(b)(5)(A). Defendants have also failed to provide Plaintiffs with a privilege log. While this Court could find that Defendants' objections constitute a waiver of the asserted privileges, I decline to do so. Rather, Defendants will be ordered to produce a privilege log identifying documents and communications that it deems are protected by the attorney-client privilege or work product protection.

### 5. Objections Based On Plaintiffs' Lack of Need for Discovery Responses

Defendants also object to each request on the ground that Plaintiffs stated in their cross motion for summary judgment that they do not need the information sought. Defendants attempt to use Plaintiffs' litigation position to justify withholding discovery. Defendants filed their motion for summary judgment earlier than Plaintiffs, and before the August 25, 2014 discovery deadline. *See* ECF Nos. 38, 47. The scheduling order in this case requires that, on the day of the discovery deadline, the parties must file a status report stating *inter alia* whether they intend to file a dispositive pretrial motion. ECF No. 38. According to Local Rule 105.2.c, "[i]n a two-party case, if both parties intend to file summary judgment motions, counsel are to agree among themselves which party is to file the initial motion." Loc. R. 105.2.c (D. Md. 2014). After the initial summary judgment motion has been filed, the other party is required to file concurrently, in a single memorandum, its motion for summary judgment and a response in opposition to the initial motion for summary judgment. *Id.* Plaintiffs argue that Rule 105.2.c required them to file prematurely a response in opposition to Defendants' motion, and to file their own motion for summary judgment before the discovery deadline. *See* Pls.' Mot. 6 n.1. As a result, they were forced to take the position that the Court could rule in their favor with only the evidence before it. Pls'. Summ. J. Mot. 5.

The question of whether Defendants violated Rule 105.2.c by filing their motion for summary judgment before communicating with Plaintiffs is a determination best left to Judge Quarles, as the cross-motions for summary judgment are now pending before him.  *See* [ECF Nos. 47, 51].  However, Plaintiffs never asserted that further discovery was unnecessary.  In fact, they expressly asked the Court to postpone ruling on the motions for summary judgment until after discovery had been completed, "so that Plaintiffs are given the opportunity to supplement their motion with any newly discovered evidence."  Pls.' Summ. J. Mot. 5.  Defendants' objections on this ground are baseless, and therefore rejected.

### B. Sanctions

Plaintiffs characterize Defendants' responses as a "deliberate refusal to respond" and argue that discovery sanctions are warranted.  Pls.' Mot. 34.  As support, Plaintiffs point to *Webb*, where the court ordered a party to show cause within fourteen days why it should not be sanctioned for its boilerplate objections to document requests.  2012 WL 3139551, at *5.  However, in *Webb*, sanctions were ultimately not awarded.  While most of Defendants' objections lack merit, I do not find Defendants' conduct to be sanctionable at this stage, in part because this is the first discovery dispute raised in this case.  Where a motion to compel is granted in part and denied in part, Rule 37(a)(5)(C) provides the Court with discretion to "apportion the reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C).  However, the Court should not award expenses to the moving party if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).  *See Stephenson v. Pfizer Inc.*, No. 1:13-cv-147, 2014 WL 3385213 (M.D.N.C. July 9, 2014) (applying Rule

37(a)(5)(A) factors in determining whether to award discovery expenses where motion to compel was granted in part and denied in part).

After application of the factors, I decline to apportion Plaintiffs their expenses incurred. Defendants contend that, given Plaintiffs' counsel's absence during vacation, their efforts to resolve the present discovery dispute without Court intervention were stymied. Even if Defendants had responded to Plaintiffs' motion to compel within the deadline provided by the Local Rules, the matter likely would not have been solved absent Court intervention. Defendants' principal objection to discovery rests on a legal argument that they are immune from suit. While that argument was effectively nullified by Judge Quarles's opinion resolving Defendants' motion to dismiss, this appears to be the first instance in which the Court has addressed Defendants' legislative immunity argument directly. For these reasons, I will not award Plaintiffs the expenses incurred in the filing of the motion to compel.

**Conclusion**

Plaintiffs' Motion to Compel is GRANTED in part and DENIED in part. Defendants are ordered to provide the discovery set forth above. However, if Defendants believe that certain documents or communications should be withheld pursuant to the attorney-client privilege or work product doctrine, Defendants must produce a privilege log on or before thirty (30) days from the date of this memorandum and order. Defendants should produce also all discovery responsive to Plaintiffs' request for production of documents on or before thirty (30) days from the date of this memorandum and order. If Plaintiffs require amendment to the discovery schedule to account for this delay, they should confer with Defendants before filing a request with the Court.

Dated: August 13, 2014                                    /s/
                                                          Stephanie A. Gallagher
                                                          United States Magistrate Judge