

1777 T Street NW, Washington DC 20009-7125 | T 800.837.3792  202.238.9088 | F 202.238.9003 | legal@americanhumanist.org | www.humanistlegalcenter.org

March 3, 2016

The Honorable William M. Nickerson
Senior United States District Judge
United States District Court
District of Maryland
101 W. Lombard Street
Baltimore, MD 21201

Re:   Hake, et. al. v. Carroll County Commissioners
        Case No. 1:13-cv-01312-WMN

Dear Judge Nickerson,

This letter is being sent pursuant to the Order of the Court forwarded to counsel in the captioned matter on February 26, 2016.

The Order requests an update on the nature of the current prayer practice in Carroll County. To the best of Plaintiffs' knowledge, there have been no significant changes to the prayer practices of the Board of Commissioners since the filing of summary judgment motions and memoranda by the parties in 2014. That is, the commissioners have assigned to themselves the task of leading an invocation to start their meetings, rotating the job of doing so at each meeting among the individual commissioners. At least two of the commissioners (Howard and Rothschild) regularly use the opportunity to convey prayers, often expressly Christian prayers, to the audience. At least in the case of Commissioner Rothschild, his current prayers do not simply ask for "divine guidance for the board" as suggested in Defendants' status report. This will be addressed further below.

The Court has also asked the parties to describe the issues and claims for relief that are still pending. These also have not changed. The central issue before the Court is whether the commissioners' prayer policy and practices, described in more detail below and in Plaintiffs' memoranda, violate the First Amendment's Establishment Clause. Acceptable legislative prayer practice has been recently outlined by the United States Supreme Court in *Town of Greece v. Galloway*, 134 S. Ct. 1811 (2014), and Defendants' prayer policy and practices fail the standards set forth in that case in a number of ways.

Most notably, the Supreme Court made it clear in *Town of Greece* that legislative invocations should not be delivered by the elected officials themselves. (In *Greece*, the job was delegated on a rotating basis to leaders from the various religious traditions in the community.)

This is consistent with prior Fourth Circuit precedent and Fourth Circuit district court precedent subsequent to *Greece, infra.* The *Greece* Court also reiterated that, as in *Marsh*, legislative prayers must be directed *to the government body* and not to the members of the public, that the prayers must not proselytize, and that the selection process for those leading prayers must be inclusive and nondiscriminatory. As described in Plaintiffs' briefs, these guidelines have been willfully violated.

Current practice of the commissioners continues to violate the *Greece* standards. On February 23, 2016, for example, Commissioner Rothschild not only led the prayer, but clearly directed it to the public. Rather than "asking for divine guidance for the board" as suggested by Defendant's status report, the prayer stated a different purpose entirely: "Lord, I'd like to commit today's prayer to our injured or deceased law enforcement officers." The elected commissioner continued by asking for healing and grace for various accident victims, including members of the general public. At no time did the he ask for divine guidance or refer to the board's work in any way. The prayer began with "Heavenly Father" and ended with "in Jesus's name."

Courts within the Fourth Circuit have agreed with Plaintiffs' interpretation of *Town of Greece. See Lund v. Rowan Cnty.*, 2015 U.S. Dist. LEXIS 57840, *17 (M.D.N.C. May 4, 2015); *Hudson v. Pittsylvania Cnty.*, 2015 U.S. Dist. LEXIS 69427, *3 (W.D. Va. May 28, 2015). In *Hudson v. Pittsylvania County*, 2014 U.S. Dist. LEXIS 106401, at *4-7 (W.D. Va. Aug. 4, 2014), the court held that a county's prayer practice violated the Establishment Clause pursuant to *Town of Greece*, noting as relevant here, "[f]irst and foremost, unlike in *Town of Greece*, where invited clergy and laypersons offered the invocations, *the Board members themselves led the prayers* in Pittsylvania County." *Id.* (emphasis added). The court concluded: "the active role of the Pittsylvania County Board of Supervisors in leading the prayers, and, importantly, dictating their content, is of constitutional dimension and falls outside of the prayer practices approved in *Town of Greece*." *Id.* The same is true with Carroll County's practice.

Plaintiffs continue to seek declaratory relief (declaring the commissioners' prayer policy and practice unconstitutional), injunctive relief (ordering that the prayer policy/practice cease), and nominal damages, plus attorneys' fees and costs. Please note that numerous other issues relevant to this relief are addressed in detail in the Plaintiffs' briefs—such as the fact that, even if Defendants claim to have modified their prayer practices, such voluntary cessation does not void Plaintiffs' claims for injunctive relief or nominal damages. *See generally Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

Also relevant and important to this matter is the fact that the Fourth Circuit heard oral arguments in January in the case of *Lund v. Rowan County* (No. 15-1591), a case with facts and legal issues similar to those presented in this case. It is Plaintiffs' belief that the *Lund* ruling, which is expected in a matter of weeks, is likely to provide guidance, if not controlling precedent, for the instant case.

Respectfully submitted,

s/ Monica L. Miller
MONICA L. MILLER, Esq.

American Humanist Association
1777 T Street N.W., Washington, D.C, 20009
202-238-9088, mmiller@americanhumanist.org
*facsimile* (202) 238-9003
CA Bar: 288343 / DC Bar: 101625

DANA DEMBROW
1226 Canterbury Dr., Sykesville, MD 21784
410-795-1502, DanaDembrow@aol.com

**ATTORNEYS FOR PLAINTIFFS**